IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENNIE K. ELLISON,
No. R00575,

Petitioner,

vs.

MARC HODGE,

Respondent.                                        Case No. 13-cv-01186-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

Petitioner Bennie K. Ellison is in the custody of the Illinois Department of Corrections, currently incarcerated at Lawrence Correctional Center. Ellison has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, attacking his state conviction(s) and seeking exoneration and immediate release from prison (Doc. 1). This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## Discussion

Ellison is no stranger to this Court, as he has filed multiple civil rights actions against those involved in his arrest and criminal prosecution. In fact, Ellison has been banned from bringing any more civil rights cases as a pauper, unless he is in imminent danger of serious physical injury. *See Ellison v. Hodge*, No. 13-cv-453-JPG, Doc. 7 (S.D. Ill. June 10, 2013) (noting that Ellison filed 18 frivolous cases in the Northern District of Illinois, and two in the Southern District of Illinois). It now appears that Ellison may, in some respects, be attempting to reformat his claims in the form of a petition for writ of habeas corpus.

In any event, the petition is so cluttered, rambling and generally incoherent that it is not even clear which convictions Ellison is challenging, and whether those convictions were even related and out of the same court. For example, separate convictions in different courts cannot be brought in a single petition. Furthermore, although a multitude of case citations are offered, Ellison often fails to offer any clear legal arguments tied to his conviction(s) and/or sentence(s). For these reasons, the original petition will be dismissed without prejudice and Ellison will be given an opportunity to amend his petition. In contemplation of any amendment, Ellison should keep in mind the following guiding principles.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079,

1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2241(c)(3).

Assuming Ellison concludes that Section 2241 is the appropriate procedural mechanism; Rule 2(c) of the Rules Governing Section 2254 Cases in United States District Courts requires the petition:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner….

A form Section 2241 petition (and a form Section 2254 petition for the sake of comparison) will be forwarded to Ellison. Although not required to use the Court's form petition, the format should assist Ellison in maintaining the focus of his petition and ensure that the required information is included.

The Court notes that the petition suggests Ellison is pursuing habeas petitions in the central district of Illinois. This Court has also recently transferred a § 2254 petition of Ellison's to the Northern District of Illinois. See Ellision v. Godinez, 12-cv-1186-DRH. The district where Ellison is incarcerated (the Southern District of Illinois) may have concurrent jurisdiction with the district where the state court of conviction is located (unclear), but such a situation, transfer of one of the petitions may be appropriate. See 28 U.S.C. § 2241(d).

Lastly, exhaustion must be addressed to clarify an apparent misconception. Ellison observes in his petition, the Seventh Circuit has recognized that there is no statutory exhaustion requirement in Section 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015–19 (7th Cir. 2004) (citing *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)). However, "where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Consequently, a common law exhaustion requirement has been recognized. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004).

## Pending Motions

Ellison's motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed by separate order.

Insofar as Ellison's motion for pauper status (Doc. 2) includes a handwritten notation in the caption, "Appointed Counsel," it is liberally construed as a motion for appointment of counsel (Doc. 3). A mere notation in the caption of a motion seeking other relief is insufficient to allow the Court to assess the basis and merits of a request for counsel. Counsel may be appointed in a habeas corpus proceeding if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider any amended petition that may be filed. At this juncture, based on Ellison's current pleading, it appears that he is more than capable of fashioning a colorable

amended petition, if he maintains focus and provides the required information (as explained above). Therefore, the motion (Doc. 3) will be denied without prejudice.

On December 9, 2013, Ellison filed a motion seeking an emergency temporary injunction prohibiting his transfer to the Northern District of Illinois (Doc. 6). He contends he will be exposed to "winter cold", denied an orthopedist, "optometry," attorneys and special investigators. He also demands a jury trial. This motion highlights Ellison's apparent confusion regarding the differences between a petition for writ of habeas corpus and a civil rights action under 42 U.S.C. § 1983. There is no right to a jury relative to a habeas petition; rather, the district court rules on the petition. *See* 28 U.S.C. § 2241(a). In any event, absent a colorable petition, this Court lacks any jurisdiction to intervene. Therefore, his motion for a temporary restraining order (Doc. 6) will be denied without prejudice.

**Disposition**

**IT IS THEREFORE ORDERED** that the petition (Doc. 1) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this matter, petitioner shall file his First Amended Petition on or before **February 21, 2014**. An amended petition supersedes and replaces the original pleading, rendering the original petition void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, without reference to any other pleading. Should the First Amended Petition not conform to these requirements, it shall be stricken. Petitioner must also re-file any exhibits he wishes the Court to consider along with the First Amended Petition. Failure to file an amended petition shall result in the dismissal of this action without prejudice.

The Clerk of Court is **DIRECTED** to send Ellison a Section 2241 form petition and a Section 2254 form petition.

No response shall be ordered until after the Court completes its preliminary review of the First Amended Petition, and then only if the petition survives review under Rule 4.

Petitioner's motion for appointment of counsel (Doc. 3) and motion for temporary restraining order (Doc. 6) are both **DENIED** without prejudice.

Finally, petitioner is **ADVISED** that he is under a continuing obligation to

keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.

Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 21st day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.21 14:37:29 -06'00'

**Chief Judge**
**United States District Court**